NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0523n.06
Filed: August 26, 2008

No. 07-6145

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GRANGE MUTUAL CASUALTY CO., GRANGE INDEMNITY INSURANCE CO., and TRUSTGARD INSURANCE CO., | ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) | EASTERN DISTRICT OF KENTUCKY |
| JONI L. MACK, | ) ) | |
| Defendant-Appellee. | ) ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF, District Judge[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiffs Grange Mutual Casualty Co., Grange Indemnity Insurance Co., and Trustgard Insurance Co. appeal the district court's Rule 12(b)(6) dismissal of their civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against defendant Joni L. Mack. Plaintiffs argue that the district court erred in concluding that plaintiffs could not establish a private cause of action under 18 U.S.C. § 1964(c) against Mack. In light of the Supreme Court's decision in *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 2131, 2145 (2008), we vacate the district court's dismissal and remand for further proceedings.

**I.**

_____

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

Plaintiffs allege that Mack joined an ongoing conspiracy that involved fraudulently billing plaintiffs for medical expenditures. Although Mack is the only defendant in this case, plaintiffs initiated a separate civil RICO action on December 4, 2002, against Mack's husband, Greg S. Mack, and other members of a conspiracy allegedly involving a number of medical rehabilitation centers.[1] In this case, plaintiffs allege that Mack joined the same conspiracy, alluding to the suit filed against Greg Mack.

Plaintiffs' complaint in this case alleges the following facts, which we accept as true for purposes of reviewing this Rule 12(b)(6) dismissal. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

Since at least 1998, Greg Mack and other conspirators

> creat[ed] and implement[ed][ ] multiple fraudulent schemes to bill Plaintiffs for medical treatments or supplies that were never rendered or supplied, were medically unnecessary or were billed unlawfully. [In addition, these individuals] caused these fraudulent bills to be submitted to Plaintiffs via the United States mail or interstate wire communications.

The schemes were designed to take advantage of Kentucky's statutory automobile insurance coverage system—which encourages insurers to promptly pay providers for medical costs associated with automobile accidents—in two ways. First, the conspirators coordinated testing services for physicians, which encouraged the physicians to refer patients for unnecessary testing. Second, the conspirators operated clinics—including the Injury & Rehab Centers of Kentucky, PLLC ("IRC")—to cater to automobile victims. At IRC clinics, physicians and other employees were

---

[1] *See Grange Mut. Cas Co. v. Mack*, No. 3:02-cv-110 (E.D. Ky., filed Dec. 4, 2002)

directed to routinely order diagnostic tests, regardless of whether the tests were warranted. IRC then

overcharged the plaintiff insurance companies by: double-billing; manipulating billing codes to

account for supplies; providing unnecessary supplies; and billing services provided by unlicensed

staff as if they were provided by licensed medial practitioners. In both facets of the scheme,

plaintiffs allege that the conspirators mailed insurance forms misrepresenting the services that the

physicians and clinics provided, and that plaintiffs paid numerous bills relying on these

misrepresentations.

In approximately January 2003, Mack became an employee of IRC and assumed a position

of management and control. With respect to Mack's role in the conspiracy, plaintiffs allege:

> Defendant Mack joined the RICO conspiracy at least by January 2003, and thereafter committed or agreed for others to commit acts in furtherance of the conspiracy as described [above]. In particular, the Defendant Mack personally instructed clinic employees to add physical therapy billings for patients regardless of whether the treatment had been prescribed, performed or supervised by a licensed practitioner, in furtherance of the RICO Conspirators' schemes to defraud Plaintiffs in violation of 18 U.S.C. §§ 1341 or 1343.

> Defendant Mack also caused computers to be removed from IRC clinics, and replaced with machines that did not retain all of the data relating to operation of the clinics before the filing of *Grange v. Mack* [in December 2002]. Defendant Mack personally removed, or directed or caused others to remove, computers from clinics and withheld the computers, or directed or caused others to withhold them, from production during discovery in *Grange v. Mack.* Finally, Defendant Mack also instructed clinic employees to destroy paper documents relating to the treatment of patients in the clinics. Each of these acts constitutes corruptly altering, destroying, mutilating, or concealing an object with intent to impair the objects' integrity or availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(b) or (c).

Plaintiffs also attached an exhibit that included three bills submitted by IRC during 2003-04.

Mack did not file an answer to plaintiffs' complaint. Instead, she filed a motion to dismiss, arguing, *inter alia*, that plaintiffs could not maintain a civil RICO action against her because they did not rely on any of *her* acts or the acts of the conspiracy after she had joined it in 2003. Plaintiffs filed a response in which they acknowledged that Mack did not join the conspiracy until January 2003 and that they did not rely upon any fraudulent bills after 2002. But plaintiffs claimed that because Mack joined an ongoing conspiracy, the acts for which she is jointly and severally liable, plaintiffs could pursue a civil RICO claim against her.[2]

The district court granted Mack's motion to dismiss. It concluded that plaintiffs could not pursue an action under 18 U.S.C. § 1964(c) because they had not alleged that Mack's conduct was the proximate cause of plaintiffs' injuries.

## II.

We review a district court's dismissal of a plaintiff's complaint for failure to state a claim under Rule 12(b)(6) *de novo*. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451 (6th Cir. 2003). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kottmyer*, 436 F.3d at 688 (citation and quotation marks omitted). In considering whether to grant a Rule 12(b)(6) motion, we "accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Id.*

---

[2] Mack filed a reply to plaintiffs' response, in which she argued for the first time that plaintiffs' claim was barred by the statute of limitation for civil RICO actions. The district court did not address this argument, but Mack's brief and plaintiffs reply brief on appeal address the limitations issue.

**III.**

Plaintiffs argue that the district court erred by concluding that plaintiffs could not pursue an action under 18 U.S.C. § 1964(c) against Mack because they did not establish proximate cause. Pursuant to § 1964(c), RICO provides a private right of action for treble damages for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity," § 1961(5), defined by § 1961(1) to include a number of acts including mail fraud under § 1341 and witness and evidence tampering under § 1512. Thus, to prove that a defendant violated § 1962(c), it is necessary for the plaintiff to prove that the defendant committed two predicate offenses. But to violate § 1962(d), a defendant need only "agree[] that another violate § 1962(c) by committing two acts of racketeering activity." *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986).

A plaintiff asserting a § 1964(c) action must show that the RICO violation she alleges caused her injury. Both "but for" and proximate cause are required. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268-69 (1992). In terms of proximate causation, "the central question . . . is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

-5-

In *Bridge v. Phoenix Bond & Indemnity Co.*, 128 S. Ct. 2131, 2145 (2008), the Supreme Court recently held that "a plaintiff asserting a RICO claim predicated on mail fraud need not show, either as an element of its claim or as a prerequisite to establishing proximate causation, that it relied on the defendant's alleged misrepresentations."[3] While a plaintiff need not establish first-party reliance, she still must establish that the alleged violation was the cause (both "but for" and proximate) of her injury. *Id*. at 2141-42. Usually, this will require a showing of first or third-party reliance. *Id*. at 2144 ("In most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation. . . . In addition, the complete absence of reliance may prevent the plaintiff from establishing proximate cause."). But *Bridge* did not change the overall standard for proximate cause. A plaintiff must still show that "the alleged violation led directly to the plaintiff's injuries." *Id*. at 2142 (quoting *Anza*, 547 U.S. at 461).

In this case, the district court treated plaintiffs' complaint as alleging that Mack violated both § 1962(c)'s substantive provision and the § 1962(d) conspiracy provision. It then determined that because the complaint failed "to plead facts demonstrating that [p]laintiffs' injuries were suffered in reliance on the fraudulent conduct of Mack or any conspiratorial acts after her joinder in the conspiracy" it could not conclude "that Mack's conduct was the proximate cause of [p]laintiffs' injuries."

Given that plaintiffs are no longer required to allege reliance following *Bridge*, we remand to the district court for consideration of whether plaintiffs have alleged facts establishing proximate

---

[3] Therefore, cases such as *Brown v. Cassens Transport Co.*, 492 F.3d 640 (6th Cir. 2007) and *Central Distributors of Beer, Inc., v. Conn*, 5 F.3d 181 (6th Cir. 1993) have been vacated and abrogated, respectively.

cause for either a § 1962(c) or § 1962(d) violation. To establish proximate cause for a § 1962(c) violation, plaintiffs must allege that Mack's own violations of § 1962(c) led directly to plaintiffs' injuries. *See Anza*, 547 U.S. at 461. To establish proximate cause for a § 1962(d) violation, plaintiffs must allege that they were injured by reason of *a conspiracy* to violate § 1962(c)'s substantive provision. *See Beck v. Prupis*, 529 U.S. 494, 500, 507 (2000) (holding that to maintain a § 1964(c) claim predicated on a violation of § 1962(d), a plaintiff must be injured by an act of "racketeering or otherwise unlawful under the statute"). If plaintiffs can make this showing, the district court will need to further consider whether Mack can be held civilly liable for injuries caused by the conspiracy but occurring prior to Mack's joinder in the conspiracy.

## IV.

For the foregoing reasons, we vacate and remand to the district court for further consideration consistent with this opinion.[4]

---

[4] Because we remand based on *Bridge*, we decline to reach the other issues addressed in the appeal.